# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERVIN LAMONT BAILEY,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | Case No. CV 10-0987 RGK (JCG)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I.
## INTRODUCTION AND SUMMARY

On February 10, 2010, petitioner Kervin Lamont Bailey ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").

On March 2, 2010, the Court ordered respondent Ken Clark ("Respondent") to provide a response to the Petition.

On May 3, 2010, Respondent filed a Motion to Vacate Order Requiring Response ("Motion"), seeking (1) to vacate the Court's March 2, 2010 Order requiring a response on the ground that Petitioner's current Petition constitutes a successive petition; and (2) to summarily dismiss the instant Petition. Petitioner failed to file an Opposition to the Motion.

On May 28, 2010, the Magistrate Judge issued his Report and

Recommendation ("R&R"), recommending that Respondent's Motion be granted and that judgment be entered dismissing this action with prejudice. (*See* R&R at 2, 5.) On July 9, 2010, judgment was entered dismissing the action with prejudice.

On December 10, 2010, the Court vacated the judgment subsequent to discovering that, "due to a widespread but randomly occurring error," Petitioner was not mailed copies of the Notice of Filing of Magistrate Judge's R&R, the R&R, and other documents related to Petitioner's case. (*See* Court's Dec. 10, 2010 Order at 1-2.) The Court then granted Petitioner additional time to file objections to the R&R. (*See* Court's Dec. 17, 2010 Order.)

On January 24, 2011, Petitioner filed Objections to the R&R ("Objections").[1]

Now, having conducted a *de novo* review, including studying the Motion, the R&R, and the Objections, the Court finds that the Petition constitutes a second and/or successive petition and Petitioner has not sought permission from the Ninth Circuit authorizing this Court to consider the Petition as required by 28 U.S.C. § 2244(b)(3) and (4). This Court, therefore, adopts the findings, conclusions, and recommendations of the Magistrate Judge.

## II.

## **DISCUSSION AND ANALYSIS**

Petitioner concedes that the instant Petition is second and/or successive, but argues that "I did not know I had to ask for permission before I file[d] a second

---

[1] As a procedural matter, the Court notes that Petitioner's Objections raise new facts that were never presented to the Magistrate Judge. A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001). Petitioner makes no effort to explain why he did not file an opposition to the Motion. (*See generally* Objs. at 1-2.) Nonetheless, in the interest of justice, the Court will address the Objections on their merits.

2

petition[]" and his "ignorance of law should not be grounds for dismissal." (Objs. at 2.)

Further, Petition maintains that, although "[i]n my original appeal in 2000 yes I . . . challenged my sentencing enhancement, but once I reached the District Court, I did not pursue my sentencing issues." (Objs. at 1.) Petitioner also contends that "I was waiting on a decision in [*Blakely v. Washington*, 542 U.S. 296 (2004)], as well as [*Apprendi v. New Jersey*, 530 U.S. 466 (2000)]." (*Id.*) Petitioner's contentions are without merit for three reasons.

First, AEDPA does not permit the filing of a second or successive petition based on "ignorance of law." *See generally* 28 U.S.C. § 2244(b). In any event, even if AEDPA provided such an exception, Petitioner is still required to obtain an order from the Ninth Circuit authorizing the filing of another habeas petition in federal court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Second, with respect to Petitioner's argument that he had not raised his sentencing claim in his 2003 Petition, case no. CV 03-5043 RGK (SGL), Petitioner's point is irrelevant. Under AEDPA, "a petition may be second or successive even if a claim 'was not presented in a prior application[.]'" *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). A new petition is "second or successive" if it raises claims that were or *could have been* adjudicated on their merits in an earlier petition. *Id.*

Third, Petitioner's contention that he was "waiting on a decision" in *Blakely* and *Apprendi* are not well taken. *Apprendi* was decided on June 26, 2000, three years prior to the time Petitioner filed his 2003 Petition in this Court on July 15, 2003. (*See* Mot. at 3.) Accordingly, Petitioner was on notice, actual or constructive, and could have asserted a claim relying on *Apprendi* in his prior federal petition.

3

1 *Cooper*, 274 F.3d at 1273.

2     *Blakely*, although decided after Petitioner filed his 2003 Petition, is not
3 retroactively applicable to cases on collateral review, and thus, Petitioner would not
4 fall under 28 U.S.C. § 2244(b)(2)(A) – the provision allowing for the filing of a
5 claim that relies on a new rule of constitutional law made retroactive to cases on
6 collateral review by the Supreme Court. *See Schardt v. Payne*, 414 F.3d 1025, 1038
7 (9th Cir. 2005) (holding *Blakely*, which was decided on June 24, 2004, does not
8 apply retroactively); *Robinson v. Busby*, 2010 WL 5175048, at *2 (C.D. Cal. 2010)
9 (*Blakely* does not satisfy requirement of § 2244(b)(2)(A) that a constitutional rule
10 be retroactive). As such, Petitioner's reliance on *Blakely* does not satisfy the second
11 requirement of § 2244(b)(2)(A).

12     Moreover, as previously discussed, even if Petitioner's claim in the instant
13 Petition satisfied 28 U.S.C. § 2244(b)(2)(A), Petitioner is still required to obtain an
14 order from the Ninth Circuit authorizing the filing of another habeas petition in
15 federal court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive
16 application permitted by this section is filed in the district court, the applicant shall
17 move in the appropriate court of appeals for an order authorizing the district court to
18 consider the application."). Petitioner concedes that he has not obtained such
19 authorization from the Ninth Circuit. (Objs. at 2 ("I did not know I had to ask for
20 permission before I file[d] a second petition[.]")); *see Burton v. Stewart,* 549 U.S.
21 147, 152 (2007) (AEDPA requires petitioner to receive authorization from the Court
22 of Appeals before filing a second habeas petition).

## III.

## CONCLUSION

25     Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has
26 reviewed the Petition, all of the records herein, the Report and Recommendation of
27 the United States Magistrate Judge, and the Objections to the Report and
28 Recommendation. The Court has made a *de novo* determination of the portions of

4

the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: February 4, 2011.

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE